IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00949-CMA-BNB

SHANNON MORNEAU,

    Plaintiff

v.

PARK COUNTY SHERIFF,
FRED WEGENER,
CAPTAIN MULDOON and
SGT. SCOTT THEOBALD,

    Defendants.

## DEFENDANTS' MOTION TO DISMISS

Defendants Park County Sheriff, Fred Wegener, Captain Muldoon and Sgt. Scott Theobald by and through counsel, Cathy Havener Greer and William T. O'Connell, III of Wells, Anderson & Race LLC and pursuant to Fed.R.Civ.P. 12(b)(6), request an order of the Court dismissing Plaintiff's Complaint against them and as grounds therefor state the following:

### CERTIFICATE OF COMPLIANCE WITH D.C. COLO. LCivR 7.1

Because the deficiencies in Plaintiff's Complaint are not correctable by amendment, undersigned counsel did not confer with Plaintiff's counsel prior to filing this Motion.

1

## ALLEGATIONS & PROCEDURAL HISTORY

In her Complaint, Plaintiff asserts a claim for relief for an alleged violation of her Sixth Amendment right to counsel. It appears that Plaintiff also asserts a claim for relief for an alleged violation of C.R.S. § 16-3-404. Specifically, Plaintiff alleges that she was arrested and confined at the Park County Jail on February 3, 2012. (Complaint, ¶ 4). Plaintiff further alleges that on the morning of February 4, 2012, her counsel Todd Barson requested access to her but was denied. (Complaint, ¶ 5).

On March 27, 2012, Plaintiff filed and served her Complaint. On April 10, 2012, Defendants timely filed a Notice of Removal. For the reasons described below, Plaintiff has failed to state a Sixth Amendment right to counsel claim and/or a claim pursuant to C.R.S. § 16-3-404 against the Defendants. Accordingly, Plaintiff's Complaint should be dismissed in its entirety with prejudice.[1]

## STANDARD

**Fed. R. Civ. P. 12(b)(6)**

In *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court re-visited the standard governing dismissal of complaints under F.R.C.P. 12(b)(6) and the Court's earlier decision in *Conley v. Gibson,* 355 U.S. 41 (1957). Although the specific issue before the *Twombly* Court was the proper standard

---

[1] Plaintiff's Complaint fails to specify whether Defendants Wegener, Muldoon and Theobald are sued in their official capacities, individual capacities or both. Because Plaintiff has named the Park County Sheriff as an individual defendant, all claims against Defendants Wegner, Muldoon and Theobald in their official capacities should be dismissed with prejudice because it is superfluous and redundant for Plaintiff to name Defendants Wegner, Muldoon and Theobald in their official capacities. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (recognizing that claims against public employees in their official capacity are claims against the public entity itself).

for pleading an antitrust conspiracy through allegations of parallel conduct, the Court's treatment of Rule 12(b)(6) and its analysis of the standard of pleading that is sufficient to state a claim for relief in federal court is relevant to Defendants' Motion to Dismiss and supports their arguments that Plaintiff's allegations fail to state cognizable claims for relief. While recognizing that a complaint subject to attack by a Rule 12(b)(6) motion to dismiss need not have detailed factual allegations, the Court observed that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Id*. at 555. (citations omitted). In sum, to withstand a motion to dismiss under this new standard, a complaint must contain enough allegations of fact "to state a claim that is plausible on its face."

## ARGUMENT

**I.     PLAINTIFF'S COMPLAINT FAILS TO STATE A SIXTH AMENDMENT RIGHT TO COUNSEL CLAIM AGAINST DEFENDANTS**

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." The Sixth Amendment right to counsel attaches "at or after the time judicial proceedings have been initiated against him 'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.' " *Brewer v. Williams*, 430 U.S. 387, 398 (1977) (quoting *Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (plurality opinion). See also *Rothgery v. Gillespie County, Texas*, 554 U.S. 191, 198 (2008) (citing *Kirby*); *Michigan v. Jackson*, 475 U.S. 625, 629, n. 3 (1986). In *Brewer*, the Supreme Court concluded that judicial proceedings commenced when a warrant

3

was issued for the defendant's arrest, the defendant was arraigned on that warrant before a judge, and the defendant was then committed by the court to confinement in jail. *Brewer*, 430 U.S. at 399.

In *Nees v. Bishop*, 730 F.2d 606 (10th Cir. 1984), the issue before the Court was whether the plaintiff's Sixth Amendment right to counsel had attached at the time his request to see his public defender was denied while he was incarcerated in the La Plata County Jail.[2] In considering the issue before it, the Court examined when adversary judicial proceedings were initiated against the plaintiff and after such proceedings were initiated against the plaintiff, whether the plaintiff was denied the presence of counsel at a "critical stage." *Id*. at 611. In concluding that the plaintiff's Sixth Amendment right to counsel had not been violated, the Court found that that the right to counsel had not attached at the time the plaintiff's request was made to see the public defender and denied because he had not been subjected to any interrogation "nor any special need of aid to cope with legal problems at a critical stage, and there had been no initiation of adversary judicial criminal proceedings 'whether by way of formal charge, preliminary hearing, indictment, information or arraignment.'" *Id*. at 612-13 citing *Brewer*, 430 U.S. at 398-99, quoting *Kirby*, 406 U.S. at 689. "<u>The right to counsel is not triggered by arrest alone</u>." (emphasis added). *Id*. at 613 citing *United States v. Muzychka*, 725 F.2d 1061, 1068 (3d Cir. 1984).

Here, Plaintiff's Complaint fails to allege that she was subject to any interrogation during the approximate seven hour period between her arrest and her counsel's

---

[2] The plaintiff was incarcerated for almost two days without being permitted to see the public defender. *Nees*, 730 F.2d at 611-12.

requested access to her was denied. Plaintiff's Complaint also fails to allege that there had been initiation of adversary judicial criminal proceedings by way of formal charge, preliminary hearing, indictment, information or arraignment during that same seven hour period. Instead, Plaintiff merely alleges that she was denied her Sixth Amendment right to counsel some seven hours after her arrest. Plaintiff's Sixth Amendment right to counsel had not attached, however, at the time Plaintiff's counsel was allegedly denied access to Plaintiff because the right to counsel is not triggered by arrest alone. See *Ness* and *Muzychka,* supra. Thus, it is clear that Plaintiff's Complaint fails to state a Sixth Amendment right to counsel claim against Defendant.

In sum, the conclusory allegations set forth in Plaintiff's Complaint are not sufficient to survive a Rule 12(b)(6) motion to dismiss under *Twombly*. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM PURSUANT TO C.R.S. § 16-3-404

C.R.S. § 16-3-404 provides in pertinent part:

> (1) All peace officers or persons having in custody any person committed, imprisoned, or arrested for any alleged cause shall forthwith admit any attorney-at-law in this state, upon the demand of the prisoner or of a friend, relative, spouse, or attorney of the prisoner, to see and consult the person so imprisoned, alone and in private, at the jail or other place of custody, if such person so imprisoned expressly consents to see or to consult with the attorney.

(Complaint, ¶ 6).

Plaintiff's Complaint fails to allege that she made a request to see her counsel and/or consented to same and was denied. Accordingly, to the extent Plaintiff's Complaint asserts a claim pursuant to C.R.S. § 16-3-404, Plaintiff's Complaint fails

because the statute only applies when the imprisoned party "expressly consents to see or to consult with the attorney."

In any event, C.R.S. § 16-3-404 does not create "a statutory right to private attorney-client consultation that is broader than that of the corollary constitutional right under the Sixth Amendment." *People v. Parsons*, 15 P.3d 799, 805 (Colo. App. 2000) citing *People v. Dehmer,* 931 P.2d 460 (Colo. App. 1996). Accordingly, Plaintiff's claim pursuant to C.R.S. § 16-3-404 is analyzed under the constitutional standards applicable to Plaintiff's Sixth Amendment right to counsel claim. Because those constitutional standards establish that Plaintiff's Sixth Amendment right to counsel had not attached at the time Plaintiff's counsel was allegedly denied access to Plaintiff, it is clear that Plaintiff's Sixth Amendment right to counsel was not violated by Defendants and Plaintiff's Complaint should be dismissed with prejudice.

**III.   DEFENDANTS WEGENER, MULDOON AND THEOBALD ARE ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFF'S SIXTH AMENDMENT CLAIM TO THE EXTENT IT IS BROUGHT AGAINST THEM IN THEIR INDIVIDIAL CAPACITIES BECAUSE PLAINTIFF'S ALLEGATIONS FAIL TO SHOW THAT THEY VIOLATED A CLEARLY ESTABLISHED FEDERAL CONSTITUTIONAL RIGHT**

Qualified immunity is "the norm" for public officials.  *Lewis v. Tripp*, 604 F.3d 1221, 1224-25 (10th Cir. 2010).  It insulates from suit "all but the plainly incompetent or those who knowingly violate the law."  *Id.* (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).  To overcome qualified immunity, a plaintiff must prove that:  1) each defendant violated constitutional or statutory rights, and 2) the allegedly infringed rights were "clearly established" in the law at the time of the allegedly unlawful activity, such that "every reasonable official would have understood that what he [was] doing violate[d]

that right." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080, 2083 (2011). This is a "heavy two-part burden." *Medina v. Cramm*, 252 F.3d 1124, 1128 (10th Cir. 2001). "If the plaintiff fails either part of the two-part inquiry, the court must grant the defendant qualified immunity." *Holland v. Overdorff*, 268 F.3d 1179, 1185-86 (10th Cir. 2001) (citations and internal quotation marks omitted).[3]

In *Kerns, et al v. Bader, et al*, Nos. 09-2273, 10-2103, 10-2106, 2011 WL 6367728 (10th Cir., December 20, 2011), the Tenth Circuit examined, *inter alia*, the district court's obligation to address both elements of the qualified immunity test. The Court, relying on Supreme Court precedent, noted that "for any court to reach a determination that a violation of clearly established law has taken place a 'more particularized' inquiry is required." *Id.* at *6 (internal citation omitted). "The court must ask whether 'every reasonable official would have understood that what he [did] violate[d] that right.'" *Id.* (internal citation omitted).

Here, Plaintiff's allegations fail to establish that her Sixth Amendment right to counsel was violated in the first instance. Should the court determine that Plaintiff's allegations establish her burden that Defendants' actions violated her Sixth Amendment right to counsel, Defendants are nevertheless entitled to qualified immunity for lack of a clearly established law that her allegations constitute a constitutional violation of her Sixth Amendment right to counsel. Specifically, Plaintiff cannot establish that <u>every</u> reasonable official in Defendants' position would have understood that their alleged

---

[3] Plaintiff's Sixth Amendment right to counsel is necessarily brought pursuant to 42 U.S.C. § 1983 because Section 1983 is the procedural mechanism for the enforcement of rights created by the U.S. Constitution. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617-18 (1979); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

actions violated Plaintiff's Sixth Amendment right to counsel. In light of the above, Defendants Wegener, Muldoon and Theobald are entitled to qualified immunity and Plaintiff's Sixth Amendment right to counsel claim against them in their individual capacities should be dismissed with prejudice.

## CONCLUSION

Plaintiff's allegations fail to state any cognizable claims for relief against Defendants Park County Sheriff, Fred Wegener, Captain Muldoon and Sgt. Scott Theobald. Accordingly, Plaintiff's Complaint against Defendants should be dismissed in its entirety with prejudice.

Dated this 10th day of April 2012.

Respectfully submitted,

*S/ William T. O'Connell, III*
Cathy Havener Greer
William T. O'Connell, III
Wells Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
T: 303-830-1212
E-mail:cgreer@warllc.com;
woconnell@warllc.com

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10th, 2012, a true and correct copy of the above and foregoing **DEFENDANTS' MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Todd Barson, Esq.
Email: toddbarson@gmail.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participants name:

Via Electronic Mail:
Park County Sheriff
Fred Wegener
Captain Muldoon
Sgt. Scott Theobald

*s/ Barbara McCall*
Barbara McCall
Email: bmccall@warllc.com

9